IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Bryan Miller,<br><br>                    Plaintiff,<br><br>     v.<br><br>C.M.S. Correctional Medical Service, et al.,<br><br>                    Defendants. | Civil No. 08-3014-NLH-AMD<br><br><br>**OPINION** |

**APPEARANCES**:

Bryan Miller
River Front State Prison
P.O. Box, 9104
Camden, NJ 08101
*Pro se Plaintiff*

Sean X. Kelly, Esq.
Richard H. Kim, Esq.
MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
6981 N. Park Drive
Suite 300
Pennsauken, NJ 08109
*Attorneys for Defendant*

**HILLMAN**, District Judge:

     This matter comes before the Court on the motion of Defendant Correctional Medical Services, Inc. ("CMS") to dismiss Plaintiff's Complaint.  For the reasons expressed below, Defendant's Motion will be granted, and Plaintiff's Complaint will be dismissed.

1

**BACKGROUND**

At the time of the filing of his Complaint, Plaintiff was an inmate at River Front State Prison in Camden, New Jersey. At all times relevant to this action, however, Plaintiff was serving his sentence at South Woods State Prison in Bridgeton, New Jersey. Plaintiff's son, Darnell Miller ("Decedent"), was also serving his prison sentence at South Woods State Prison at the same time. Plaintiff alleges that in March 2007 his son was being harassed by a corrections officer, identified only as "Cortez," over the condition of his cell. At some point during their conversation, Cortez suddenly signaled a distress code. In response, corrections officers allegedly descended on Decedent's cell and began beating him. Following the beating, Plaintiff alleges that he sought medical assistance from both the corrections officers and the medical department for Decedent, but they would not respond to or investigate Decedent's condition. Ultimately, Decedent died from his injuries.

On October 20, 2008, Plaintiff who is representing himself *pro se*, filed a civil rights Complaint under 42 U.S.C. § 1983. Plaintiff also named the State of New Jersey and South Woods State Prison as defendants although both were subsequently dismissed *sua sponte* on October 28, 2008. Accordingly, CMS is the only remaining Defendant.

CMS now argues that Plaintiff's Complaint should be dismissed because, *inter alia*, he has no standing under New Jersey law to pursue a cause of action for the alleged violations of Decedent's civil rights or his wrongful death.[1]

## DISCUSSION

**A.   Jurisdiction**

This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims, to the extent any are plead, under 28 U.S.C. § 1367.

**B.   Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347,

---

[1] CMS also argues that Plaintiff's Complaint should be dismissed, pursuant to F. R. Civ. P. 41(b), for his failure to prosecute his case. Plaintiff has failed to oppose the instant motion or otherwise advance his case since April 13, 2009. Although Plaintiff's failure to prosecute his case is a sufficient reason to dismiss his Complaint, in light of his *pro se* status, the Court will nonetheless address the merits of his case. In so ruling, the Court notes that Plaintiff must diligently advance his case in the future, and that any continued failure to prosecute his case as directed below will result in the dismissal of his Complaint.

351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 562 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim

4

requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, when a plaintiff proceeds *pro se* his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citation omitted). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal citation and quotations omitted). However, *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure." McNeil v. United States, 508 U.S. 106, 113 (1993)

5

("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to explain mistakes by those who proceed without counsel.").

**C.   Analysis**

In his Complaint, Plaintiff does not clearly articulate the legal bases for his claims.  He alleges only that he "want[s] the court to hold these persons and places of business accountable for the wrongful death of my son," and that he "would like to be paid for [his] pain and suffering, and help prevent this kind of wrongful death from happening to someone else."  Nonetheless, since Plaintiff is proceeding *pro se*, the Court must afford him some latitude and will evaluate all possible theories available to Plaintiff.  Each is addressed in turn.

**1. Section 1983 Action on His Own Behalf**

To the extent that Plaintiff's allegations can be construed as a claim for the violation of his own constitutional rights to the companionship of his son, such claim must fail.  The United States Court of Appeals for the Third Circuit has made clear that "the fundamental guarantees of the Due Process Clause do not extend to a parent's interest in the companionship of his independent adult child." <u>McCurdy v. Dodd</u>, 352 F.3d 820, 830 (3d Cir. 2003).  Thus, any such claim fails as a matter of law and must be dismissed.

Likewise, any claim under § 1983 for emotional distress allegedly suffered by Plaintiff, to the extent such a claim can be construed from the Complaint, must fail as a matter of law. "Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of tort law."  Baker v. McCollan, 443 U.S. 137, 146 (1979); see also Tierney v. Davidson, 133 F.3d 189, 199 n.7 (2d Cir. 1998) (holding that emotional distress claim based on officer's use of force against a third party is not cognizable under § 1983 and only gave rise to state law torts).  Thus, any such claim also fails as a matter of law and must be dismissed.

**2. Section 1983 Action on Behalf of Decedent**

To the extent that Plaintiff's allegations can be construed as a claim for the violation of his son's constitutional rights, such claim must fail for lack of standing.  Since § 1983 does not address the issue of standing for survivor actions, the Court must rely on the law of the forum state.  Robertson v. Wegmann, 436 U.S. 584, 588 (1978) (holding that pursuant to 42 U.S.C. § 1988(a), where there is no applicable federal rule, courts are to consider "common law, as modified and changed by the constitution and statutes of the [forum] State"); Fontroy v. Owens, 150 F.3d 239, 242-43 (3d Cir. 1998).

Under New Jersey law, only the executor or administrator of the decedent's estate may bring an action for the violations of a

7

decedent's rights.  See N.J. STAT. ANN. § 2A:15-3 (1970) ("Executors and administrators may have an action for any trespass done to the person or property, real or personal, of their testator or intestate against the trespasser, and recover their damages as their testator or intestate would have had if he was living."); Smith v. Whitaker, 734 A.2d 243, 233 (N.J. 1999). Here, Plaintiff fails to allege that he is the executor or administrator of his son's estate.[2]  Accordingly, Plaintiff lacks standing to assert the claims of Decedent.  McCurdy v. Dodd, 352 F.3d 820, 824 (3d Cir. 2003) (dismissing claims brought by parent for alleged civil rights because parent was not the administrator of the child's estate); Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 370 (9th Cir. 1998) (same); Rhyne v. Henderson County, 973 F.2d 386, 390 (5th Cir. 1992) (same); Archer v. Preisser, 723 F.2d 639, 639 (8th Cir. 1983) (same). Any such claims must therefore be dismissed.[3,4]  Since Plaintiff

---

[2] In order to be an executor of an estate, one must be named as such in the will of the deceased. See Palko v. Palko, 375 A.2d 625, 626 (N.J. 1977) (*per curiam*).  In order to be named the administrator of an estate, one must be granted letters of administration by the surrogate of the county wherein the decedent resided at the time of his death, or by the Superior Court of New Jersey. See N.J. STAT. ANN. § 3B:10-13 (1982).

[3] Having determined that Plaintiff lacks standing to proceed on any of the § 1983 claims reasonably construed from the facts of his Complaint, the Court need not address Defendant's argument that Plaintiff failed to allege a plan or policy by CMS. However, the Court notes that the facts alleged here, if true, present a troubling set of allegations.  It is at best a terrible

is proceeding *pro se*, and must be afforded leniency in pleading his claims, the Court will give Plaintiff 30 days to amend his Complaint to properly allege his status as the executor or administrator of his son's estate if such is the case.

### 3. State Law Emotional Distress Action

To the extent that Plaintiff's allegations can be construed as a claim for either intentional of negligent infliction of emotional distress, the Court declines to exercise continued supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over them,

---

tragedy that a verbal altercation between a 20 year-old inmate and a corrections officer would ultimately result in the inmate's death.  And if Plaintiff is unable or otherwise fails to cure the deficiencies in his Complaint within the time frame set by this Court, this forum will not have occasion to address whether the response of prison officials in this matter was appropriate under the circumstances.  Accordingly, the Court directs the Clerk to send a copy of this Opinion and accompanying Order to the Office of the New Jersey Attorney General for their review and any action they deem appropriate.

[4] Similarly, to the extent Plaintiff's allegations can be construed as a claim for wrongful death, under New Jersey's Wrongful Death Act (the "Act"), such claim must also fail for lack of standing.  Only an executor or an "administrator ad prosequendum of the decedent for whose death damages are sought" may bring an action under the Act.  See N.J. STAT. ANN. § 2A:31-2 (1938); Schueler v. Strelinger, 204 A.2d 577, 587 (N.J. 1964) (finding that no individual cause of action under the Act because the claim "must be brought by an administrator Ad prosequendam in case of intestacy, or by the executor where . . . decedent left a will").

9

having already dismissed Plaintiff's federal claims.[5]  See Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so.").

## **CONCLUSION**

For the reasons expressed above, Defendants' Motion to Dismiss will be granted and Plaintiff's Complaint dismissed.

Date: March 16, 2010           s/ Noel L. Hillman
                               HON. NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

---

[5] In the event that Plaintiff files an amended complaint, amending his federal claims as directed in this Opinion within the 30 days provided, the Court shall continue to exercise supplemental jurisdiction over these claims.

10